IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim Case No. 12-20019-01-CM |
| ) | |
| DANIELLE R. KOSTIUK, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This case is before the court on defendant Danielle Kostiuk's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 54) ("2255 Motion") and Motion for Relief of a Newly Recognized Right of *Alleyne* (Doc. 56) ("Alleyne Motion"). On July 3, 2012, Kostiuk entered into a plea agreement for crimes related to possession and distribution of methamphetamine. (Doc. 26.) It proposed a sentence of no less than ten years and no more than life imprisonment; five years of supervised release; and a mandatory special assessment fee of $100. On December 18, 2012, the court imposed a 210-month sentence, followed by five years of supervised release, and the $100 special assessment fee. (Doc. 45.) Defendant did not file a direct appeal and thus her conviction became final fourteen days after judgment was entered—December 31, 2012. On May 28, 2014, defendant filed both of the motions before the court, each of which is extremely vague and contains little factual support for her claims. The court denies both motions.

Defendant's Alleyne Motion relies upon the recent Supreme Court case *United States v. Alleyne*, 133 S. Ct. 2151 (2013), which held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S. Ct. at 2155 (citation omitted). But *Alleyne* does not apply retroactively to cases on collateral review. *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013). Accordingly, the court denies this motion and will now review defendant's 2255 Motion.

Motions filed under § 2255 are subject to a one year limitation period. 28 U.S.C. § 2255(f). Defendant's one-year period, during which she could collaterally attack her sentence, began on December 31, 2012, when defendant's judgment became final. *See* 28 U.S.C. § 2255(f)(1). The period closed on December 31, 2013. Defendant filed her 2255 Motion on May 28, 2014—almost six months outside the limitation period. Therefore, her 2255 Motion is time-barred. Even if the court liberally construed defendant's pleadings because she is acting pro se[1] and considered it timely under § 2255(f)(3), the result is the same because *Alleyne* does not apply retroactively to cases on collateral review. Section 2255(f)(3) does not apply under these circumstances.

The court declines to issue a certificate of appealability, to the extent a certificate is necessary in this case, because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

**IT IS SO ORDERED** that defendant's Motion to Vacate under 28 U.S.C. § 2255 (Doc. 54) and Motion for Relief of a Newly Recognized Right of *Alleyne* (Doc. 56) are denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

---

[1] *See United States v. Pullen*, Nos. 98–40080–JAR, 06–3095–JAR, 2008 WL 504141, at *1 (D. Kan. Feb. 20, 2008) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997)).

Dated this 17th day of October, 2014, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**